**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4412**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

CRAIGORY LAMONT WYATT,

              Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:09-cr-00192-REP-1)

Submitted:  February 10, 2011          Decided:  March 10, 2011

Before NIEMEYER, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Craig W. Sampson, BARNES & DIEHL, PC, Chesterfield, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Elizabeth C. Wu, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Craigory Lamont Wyatt, a convicted sex offender, was charged with one count of failing to register and update his registration as a sex offender under the criminal provision of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C.A. § 2250 (West Supp. 2010).[*] On appeal, Wyatt asserts that the Attorney General violated the Administrative Procedure Act (APA) when he made SORNA retroactive without the required thirty-day comment period and that 18 U.S.C.A. § 2250(a)(2)(B) exceeds Congress's power under the Commerce Clause, to the extent that it limits Wyatt's right to travel. We affirm.

Wyatt filed a motion to dismiss the indictment in the district court, arguing that: (i) SORNA's criminal provision exceeded Congress's power under the Commerce Clause; and (ii) the Attorney General violated the APA, specifically 5 U.S.C. § 553 (2006) when he retroactively applied SORNA to offenders who committed their crimes prior to the enactment of SORNA. In denying Wyatt's motion to dismiss the indictment, the district court recognized that Wyatt's legal and constitutional

---

[*] SORNA was enacted on July 27, 2006, and created a federal requirement that sex offenders register in each jurisdiction where the individual resides, is employed, or is a student. See 42 U.S.C.A. § 16913(a) (West Supp. 2010). SORNA also criminalized an individual's failure to register. See 18 U.S.C.A. § 2250(a).

2

challenges to SORNA were foreclosed by this court's decision in United States v. Gould, 568 F.3d 459 (4th Cir. 2009), cert. denied, 130 S. Ct. 1686 (2010). Wyatt's counsel conceded that Gould resolved the legal challenges contained within the motion to dismiss and stated that he was preserving the issues for appeal. The court denied Wyatt's motion. Wyatt pleaded guilty pursuant to a written plea agreement, reserving his right to appeal the district court's denial of his motion to dismiss.

As Wyatt conceded in the district court, this court already addressed in Gould whether the Attorney General's issuance of the regulations making § 2250 retroactive violates the APA. See Gould, 568 F.3d at 470 (recognizing that "the Attorney General had good cause to invoke the exception to providing the 30-day notice" required under the APA). Accordingly, Wyatt's argument is foreclosed by this court's holding in Gould. See Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 n.2 (4th Cir. 2002) ("[A] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that.").

Wyatt also argues that Congress's authority under the Commerce Clause impinged on his fundamental right to travel. This court expressly discussed the interaction of travel and Congress's power under the Commerce Clause in Gould, explaining

3

that "Congress . . . has the authority to regulate persons in interstate commerce, especially persons who move from the State of conviction to another State and there fail to register, as they use instrumentalities of interstate commerce." Gould, 568 F.3d at 471 (internal quotation marks omitted). Moreover, SORNA does not criminalize a sexual offender simply for engaging in interstate travel. Rather, as we explained, "Congress, motivated by a desire to prevent sex offenders from traveling among the States to avoid state registration, used its commerce power to enact a national program mandating stronger and the more comprehensive registration system, as contained in SORNA." Id. at 474. Thus, although a SORNA violation under § 2250(a)(2)(B) requires interstate travel, it also requires "the act of failing to register." Id. at 470. Accordingly, we conclude that Gould controls this issue and it is therefore without merit.

We therefore affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4